HARALSON *v*. BROWN.

(Division B. Feb. 15, 1937.)

[172 So. 335. No. 32581.]

L. C. Gwin, of Natchez, for appellant.

Clay **B. Tucker,** of Woodville, for appellee.

Argued orally by **L. C. Gwin**, for appellant, and by **Clay B. Tucker**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Mary L. Haralson, filed and probated a claim for services as a practical nurse to T. G. Brown in his last illness for thirty weeks and four days, at $20 per week.

The appellee filed a contest against said claim challenging the validity thereof on the ground that it was illegal on account of the illicit relations between the deceased and the appellant, and because no demand had been made upon the family during T. G. Brown's illness by the appellant, and further, that she exercised an undue influence over him during his last illness, he having suffered a stroke of paralysis.

The chancellor disallowed the claim of the appellant, and from this decree the appellant prosecutes this appeal.

There is no evidence as to what compensation T. G. Brown was to pay his servant, Mary L. Haralson, prior to this stroke of paralysis, but there is testimony to the effect that after the stroke of paralysis her services were worth $2 per day for single duty and $3 for double duty.

There were witnesses who testified that T. G. Brown, during his illness, told them that he had agreed to pay the appellant $20 per week, and another witness testified that he told him that her services were worth $20 per week but he was not able to pay her.

There is also evidence of undue familiarity between the deceased and the appellant, from which it might be inferred that she was his concubine, but there is no proof

as to any compensation being paid to her in consideration of such relation.

There is no evidence to show that such relation had anything to do with the making of the contract testified to by the witnesses as being admitted to them by the deceased.

It is highly improbable that after the stroke of paralysis there were any such relations between the parties.

There is testimony showing that the wife and daughter of the deceased went to his home after the stroke of paralysis for the purpose of nursing him, but he would not permit them to do so, and they returned to the wife's home in an adjoining county, T. G. Brown and his wife being separated at the time.

It is also in the evidence that the deceased, for the period claimed, was unable to care for himself much of the time, and that the appellant had to attend to him as though he, was an infant, with all of the implications. He could not feed nor dress himself, and had no control over his bodily functions. During all of this period the appellant, Mary L. Haralson, cooked, washed for him, and generally administered to him nursing him faithfully, doing all that his condition required.

It seems to us that the proof is clear that there was a contract by which T. G. Brown was to pay the appellant $20 a week from the beginning of his stroke until his death, covering thirty weeks and four days. We think the evidence clearly establishes her claim in accordance with the announcements of this court in the cases of First National Bank v. Owen, 171 So. 4, decided December 7, 1936, and Tarver v. Lindsey, 161 Miss. 379, 137 So. 93, and the authorities there cited.

We think, therefore, that the chancellor erred in refusing to allow the claim, and his decree will be reversed and judgment rendered here for the appellant for the amount claimed.

Reversed and rendered.